CONNECTICUT NATURAL GAS CORPORATION *v.*
DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.
(2080)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued October 6—decision released November 22, 1983

*John C. Yavis, Jr.,* with whom was *Mark R. Sussman,* for the appellant (plaintiff).

1

*Phyllis E. Lemell,* assistant attorney general, with whom were *William B. Gundling,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

*Barry S. Zitser,* for the appellee (defendant Division of Consumer Counsel).

BORDEN, J. The plaintiff, Connecticut Natural Gas Corporation (CNG), appeals[1] from the trial court's dismissal on the basis of untimeliness of part of its appeal taken under General Statutes § 4-183, which is part of the Uniform Administrative Procedure Act (UAPA). General Statutes §§ 4-166 through 4-189. CNG applied to the named defendant, the department of public utility control (DPUC), for a rate increase. After hearings at which the defendant division of consumer counsel was a party, the DPUC on May 25, 1982, granted part of the increase. Within forty-five days, CNG filed a petition for rehearing and reconsideration limited to four specific issues.[2] The DPUC agreed to rehear some but not all of these issues and on August 31, 1982, granted a further increase. On September 29, 1982, CNG appealed the entire decision, raising certain claims which it had raised and others which it had not raised in the petition. The trial court granted the defendants' motions to dismiss as to the issues not raised in the petition on the ground that the appeal was untimely as to them under General Statutes § 4-183 (b). CNG argues that the entire appeal is timely because it was filed within forty-five days of the decision on the petition. We agree.

General Statutes § 4-183 (b) provides in pertinent part that appeals under the UAPA "shall be instituted . . . within forty-five days after . . . the final deci-

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] Although CNG in the petition specifically reserved its rights as to issues not addressed therein, our decision does not turn on such a reservation.

sion of the agency or, if a rehearing is requested, within forty-five days after the decision thereon." It is axiomatic that statutes must be construed in light of their language, purpose and the circumstances surrounding their enactment. *Verrastro* v. *Sivertsen,* 188 Conn. 213, 221, 448 A.2d 1344 (1982).

The timing of CNG's appeal complied with the language of the statute. "[A] rehearing [was] requested," and the appeal was filed "within forty-five days after the decision thereon." General Statutes § 4-183 (b).

The purposes of General Statutes § 4-183 (b) point in the same direction. Deeply rooted in the UAPA, the "main objective [of which is] uniform procedure"; *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607–608, 376 A.2d 71 (1977); are the related doctrines of exhaustion of administrative remedies and finality of administrative action as general preconditions of judicial review. See, e.g., General Statutes § 4-183 (a) and (b). These doctrines are designed to prevent piecemeal appeals of a litigant's claims before an administrative agency. *Touche Ross & Co.* v. *Securities & Exchange Commission,* 609 F.2d 570, 574–75 (2d Cir. 1979); *State of New York* v. *United States,* 568 F.2d 887, 893 (2d Cir. 1977). Postponing the time for appeal until all timely[3] requests for rehearing have been disposed of will prevent piecemeal appeals and reinforce the need for exhaustion and finality before judicial intervention. Furthermore, this reading of General Statutes § 4-183 (b) may obviate an appeal entirely, since it will give the litigant an opportunity to assess the results of the rehearing and then to decide, in the light of those results, whether an appeal is necessary. See *Nikas* v. *Oxford,* 103 Ga. App. 721, 724, 120 S.E.2d 677 (1961). Our construction of the UAPA accords with the rea-

---

[3] We agree that a petition for rehearing on a final decision must be filed within the time set for appeal from that decision. See *Boulevard Dodge Sales, Inc.* v. *Kozlowski,* 31 Conn. Sup. 455, 334 A.2d 235 (1974).

soned weight of authority construing the federal Administrative Procedure Act. See, e.g., *Civil Aeronautics Board* v. *Delta Air Lines,* 367 U.S. 316, 326, 81 S. Ct. 1611, 6 L. Ed. 2d 869 (1961); *Touche Ross & Co.* v. *Securities & Exchange Commission,* supra; *State of New York* v. *United States,* supra; *Samuel B. Franklin & Co.* v. *Securities & Exchange Commission,* 290 F.2d 719, 723 (9th Cir. 1961); *Outland* v. *Civil Aeronautics Board,* 284 F.2d 224, 228 (D.C. Cir. 1960).

It is equally axiomatic that a statute must be construed to avoid difficult and bizarre results. *State* v. *Campbell,* 180 Conn. 557, 563, 429 A.2d 960 (1980). The defendants' position, adopted by the trial court, would force an administrative litigant who wishes to request a rehearing on part but not all of its claims to choose between the Scylla of filing a partial and premature protective appeal and the Charybdis of presenting all its claims to the agency for reconsideration including, as here, those which it does not in good faith believe the agency is likely to reconsider. The UAPA does not require litigants to steer such a difficult and bizarre course.

We do not fear the horrors paraded before us by the defendants as the likely results of this ruling. If, as suggested by them, an appeal is delayed for many months following a petition for rehearing, that could only be by the agency's inaction on the petition and of no doing by the petitioner. Even though a litigant could secure an additional thirty days in which to decide to appeal by filing a request for rehearing on a trivial issue, the agency is unlikely to give the request serious consideration and can give it the prompt and summary disposition it deserves. Moreover, we do not so lightly presume that any lawyer will contravene his ethical duty to avoid asserting a frivolous position in litigation. See Code of Professional Responsibility, EC 7-5.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.