CATHOLIC FAMILY AND COMMUNITY SERVICES *v.*
COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES ET AL.
(2708)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued January 11—decision released April 2, 1985

*James E. O'Donnell,* with whom, on the brief, was *Michael T. Dolan,* for the appellant (plaintiff).

*J. Sarah Posner,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

DUPONT, C.P.J. The sole issue of this appeal is whether an administrative appeal taken from a decision of a hearing officer appointed by the chairman of the commission on human rights and opportunities (CHRO) should have been dismissed by the trial court for failure to serve the hearing officer. The trial court held that "agency" as used in General Statutes § 4-183 (b)[1] refers to the hearing officer rather than to

---

[1] General Statutes § 4-183 provides in pertinent part: "(b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district

the commission and that since the plaintiff had served the commission, its action was abatable.

General Statutes § 4-183 (b) requires that service be made upon the agency. General Statutes § 4-166 (1)[2] defines "agency" as each state board, commission, department or officer.

General Statutes §§ 46a-82 through 46a-86 establish the statutory procedural framework for the commission concerning alleged discriminatory practices. The commission investigates complaints, attempts to resolve them by conciliation, and, if unsuccessful, its chairman appoints a hearing officer to conduct a hearing to resolve the matter and to issue findings of fact and an order. The hearing officer may be either a member of the commission or one of twenty-five hearing examiners appointed by the governor.

Prior to 1977, appeals from a final order of a hearing officer were not expressly subject to General Statutes § 4-183 (b). Public Acts 1977, No. 77-603, § 124, amended what is now General Statutes § 46a-95 (j) to provide for an appeal pursuant to General Statutes

wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

[2] General Statutes § 4-166 provides in pertinent part: "(1) 'Agency' means each state board, commission, department or officer, other than the legislature, courts, judicial review council, council on probate judicial conduct, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases . . . ."

§ 4-183. The latter statute was subsequently amended by Public Acts 1979, No. 79-163, to provide that service upon an agency may be made by mailing a copy of the petition by registered or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford. By 1979, "commissioner," within the context of the statutes relating to the CHRO, had already been defined as a member of the commission.[3] The definition remains unchanged in General Statutes § 46a-51 (4). A member of the commission is not definitionally equated with a hearing examiner. See General Statutes § 46a-54 (8); General Statutes § 46a-57 (c) (d).

General Statutes § 4-183 (b) provides in pertinent part: "Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford." To construe the word "agency," as used in the first part of that sentence to be the hearing officer who heard the case would require either that the definition of agency change in the latter part of the sentence or that the phrase "office of the commissioner of the agency" be rendered superfluous when a hearing examiner conducts the hearing.

The main objective of the Uniform Administrative Procedure Act, of which General Statutes § 4-183 (b) is a part, is to obtain a uniform procedure. *Connecticut Natural Gas Corporation* v. *DPUC,* 1 Conn. App. 1, 4, 467 A.2d 679 (1983). The choice by the chairman

---

[3] General Statutes (Rev. to 1979) § 31-122 (i).

of the commission to appoint a hearing examiner as a hearing officer rather than a commission member should not dictate the manner in which service is to be made. To exalt this choice to that level would be to defeat rather than to promote the objective of uniformity. A hearing examiner is the commission's examiner. *Wroblewski* v. *Lexington Gardens, Inc.,* 188 Conn. 44, 49, 448 A.2d 801 (1982). A hearing examiner is an instrumentality of the commission. See *Board of Education* v. *State Department of Education,* 39 Conn. Sup. 443, 449, 466 A.2d 343 (1983). The hearing examiner, after appointment by the chairman of the commission, as a hearing officer, does not gain status independent of the commission. His determinations have validity only because of the authority vested in him by the chairman of the commission. General Statutes §§ 46a-57 (d), 46a-84 (a), 46a-86, and 46a-95 (a).

The construction of "agency" as used in General Statutes § 4-183 (b) to mean "hearing officer" would contravene General Statutes § 4-166 (1) which defines an agency as a state commission or an officer authorized by law to determine contested cases. The use of the disjunctive "or" in that statutory section makes it clear that, at the very least, service upon the commission by the plaintiff was sufficient to withstand the jurisdictional attack which the defendant made. Further, "agency" within the meaning of the Uniform Administrative Procedure Act is a body in which the legislature has reposed general powers of administration of a particular state program in connection with which it has been given statutory authority to act for the state in the implementation of that program. See *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 468, 378 A.2d 547 (1977). That power has been reposed in the commission rather than in the hearing officer. See General Statutes §§ 46a-52, 46a-54 and 4-38f (1).

"Final decision" as used in General Statutes § 4-183 (a) refers to the decision of the agency, here the CHRO. The particular instrumentality of that decision, here the hearing officer, need not have been served with the plaintiff's petition in order for the plaintiff to obtain a decision on its Superior Court appeal.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss and to proceed according to law.

In this opinion the other judges concurred.