## AMERICAN FACTORS, INC. *v.* FOREIGN INTRIGUE, INC., ET AL.
### (2558)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 6, 1985—decision released April 1, 1986

*Gerald T. Weiner,* with whom were *Burton M. Weinstein* and, on the brief, *Richard Emanuel,* for the appellants (defendants).

*Robert H. Boynton,* with whom, on the brief, was *Susan A. Moch,* for the appellee (plaintiff).

BIELUCH, J. The defendants have appealed from a judgment of the trial court in favor of the plaintiff in its action for breach of contract.[1] Because we conclude

---

[1] This action was consolidated with the defendants' action to enjoin the plaintiff from pursuing its breach of contract claim.

that the appeal is not from a final judgment, we dismiss it.

After a trial to the court, judgment was originally rendered in favor of the defendants on June 24, 1982, because the contract was found to be usurious and thus unenforceable. On August 22, 1983, the court granted the plaintiff's motion to open that judgment on the ground that the plaintiff's trial counsel[2] and the court had mistaken the effective date of repeal of the key statute and the effect of the new statute. The court, therefore, rendered a first supplemental judgment in favor of the plaintiff. The court did not, however, award damages to the plaintiff in its judgment. The defendants moved, on September 19, 1983, to open the latter judgment, but that motion was withdrawn and an appeal from that judgment was filed on September 29, 1983.

On November 17, 1983, the plaintiff again moved to open the judgment of the court, this time for the purpose of finding the amount of damages. That motion was granted, and on August 30, 1984, the court rendered a second supplemental judgment awarding the plaintiff $440,579.[3] On September 19, 1984, the defendant filed an "Amended Appeal" from the judgment of August 30, 1984, awarding these damages to the plaintiff.

The original appeal of the defendant filed on September 29, 1983, failed to contain the required jurisdictional statement, but it is clear from the preliminary statement of issues that the appeal was taken from the first supplemental judgment finding the defendants liable on the contract without assessing damages. "[W]here a judgment has been rendered only upon the issue of

[2] The motion to open was filed on behalf of the plaintiff by new counsel.

[3] This second supplemental judgment also reflected the court's decision to grant a third motion to open the judgment, filed on March 12, 1984, for the sole purpose of correcting a clerical error in the first supplemental judgment.

liability without an award of damages . . . [it is] interlocutory in character, [and] is not a final judgment from which an appeal lies." *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84, 495 A.2d 1063 (1985). Nor does such a judgment "fall within one of the narrowly defined exceptions to the general prohibition against appeals from judgments that are not final." Id., 85. The filing of the subsequent "Amended Appeal" on September 19, 1984, does not cure the defective appeal because a jurisdictional defect renders an appeal void ab initio and uncorrectable. Id., 86 n.3. The power to permit an amendment to an appeal presupposes jurisdiction of the original appeal. Id. Since jurisdiction is lacking in this case, the amended appeal is legally ineffective to grant the required jurisdiction necessary for a proper appeal.

The appeal is dismissed.

In this opinion the other judges concurred.