[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, the Town of Killingly, the Killingly Planning and Zoning Commission, the Killingly Inland Wetlands and Watercourses Commission, the Killingly Association for the Preservation of the Environment (KAPE), the Providence Water Supply Board, National Patent Medical (formerly Acme/Chaston) Division of National Patent Development Corporation, and the Northeastern Connecticut Council of Governments, instituted this action in the superior court, seeking review of the decision of the Connecticut Siting Council granting a certificate of environmental compatibility and public need to the Killingly CT Page 3348 Energy Limited Partnership for the construction of a 32.2 mega-watt wood-burning electric generating facility in the Town of Killingly, Connecticut, pursuant to Conn. Gen. Stat. sec.16-50k.
The petition and complaint contain the following pertinent allegations. On or about May 6, 1988, the defendant Killingly Energy Limited Partnership [KELP], pursuant to Chapter 277a of the Connecticut General Statutes, filed an application for a certificate of environmental compatibility and public need for the purpose of constructing a wood-burning electric generating facility in the Town of Killingly, Connecticut (Plaintiffs' complaint dated June 6, 1989, Count One, par. 10). Public hearings on the application were held on September 8, September 9, October 6, October 21, November 17, November 18, and December 8, 1988 (Complaint, Count One, par. 14). On May 8, 1989, the defendant Connecticut Siting Council rendered Findings of Facts, an Opinion, and a Decision and Order granting the defendant KELP a certificate of environmental compatibility and public need for the proposed facility. (Complaint, Count One, par. 15). The Siting Council's Findings of Fact, Opinion and Decision and Order were mailed to all parties of record under cover letter dated May 10, 1989. Id.
By letter dated June 5, 1989, the petitioner Town of Killingly filed a Request for Rehearing with the Connecticut Siting Council (Plaintiffs' Amended Complaint dated August 8, 1989, Count Seventeen, par. 19). On June 20, 1989, the Connecticut Siting Council denied this Request for Rehearing (Amended Complaint, Count Seventeen, par. 20).
By writ, summons and complaint dated June 6, 1989, served June 7, 1989, and filed in this court on June 8, 1989, the petitioners sought to appeal the Connecticut Siting Council's Findings, Decision and Order issuing the certificate of environmental compatibility and public need. The defendant KELP has filed a motion to dismiss petitioners' administrative appeal for lack of subject matter jurisdiction.
"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." Craig v. Bronson, 202 Conn. 93, 101. A motion to dismiss is "the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687. The court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. Sasso v. Aleshin, 197 Conn. 87, 89; see Doe v. Heintz, 204 Conn. 17, 35.
There is no absolute right of appeal to the courts CT Page 3349 from the decision of an administrative agency. See Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 154. Appeals from administrative agencies exist only under statutory authority. Id.; Ardmare Construction Co. v. Freedman, 191 Conn. 497, 502. "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. (Citations omitted)." Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163-64, quoting Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322.
Within the Department of Public Utility Control, the Connecticut Siting Council is established as an agency and is charged with considering applications seeking certificates of environmental compatibility and public need pursuant to Chapter 277a of the Connecticut General Statutes. See Conn. Gen. Stat. secs. 16-50h — 16-50z. Judicial review of orders issued by the Connecticut Siting Council, either granting or denying applications for certificates, is governed by Conn. Gen. Stat. sec.16-50q, which provides, in relevant part, that "[a]ny party may obtain judicial review of an order issued on an application for a certificate . . . in accordance with the provisions of section 4-183 . . . ." Conn. Gen. Stat. sec. 16-50q; Tarnopol v. Connecticut Siting Council, 212 Conn. at 161.
Section 4-183 of the Uniform Administrative Procedure Act (UAPA), which governs the right to judicial review of an administrative agency's action, provides, in pertinent part: "A person who has exhausted all administrative remedies and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter . . ." Conn. Gen. Stat. sec. 4-183(a). The UAPA further prescribes the specific mandates through which a party may initiate proceedings for such appeal. See Ch. 54 Conn. Gen. Stat. secs.4-166 through 4-189.
The Connecticut courts have consistently held that the time limitations prescribed by the UAPA are jurisdictional in nature. See, e.g., Tarnopol v. Connecticut Siting Council,212 Conn. at 163; Basilicato v. Department of Public Utility Control, 197 Conn. at 324. The statutory time within which to take an administrative appeal "is not merely a procedural limitation but is an essential part of the remedy." (Citation omitted). Royce v. Freedom of Information Commission, 177 Conn. 584,587. Failure to comply with such mandatory provisions renders the appeal invalid and deprives the courts of jurisdiction to hear it. Rogers v. Commission on Human Rights Opportunities, 195 Conn. 543, 550; Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 574.
The defendant KELP maintains that petitioners' administrative CT Page 3350 appeal should be dismissed for lack of subject matter jurisdiction. Specifically, the defendant argues that the plaintiffs failed to initiate this action within the time period prescribed by the Uniform Administrative Procedure Act. See Conn. Gen. Stat. sec. 4-183(b).
Conn. Gen. Stat. sec. 4-183(b) reads as follows:
 Proceedings for such appeal shall be instituted by filing a petition in superior court . . . within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford.
(Emphasis added).
In support of the motion to dismiss, the defendant urges that Conn. Gen. Stat. sec. 4-183(b) "establishes a `window' during which an administrative appeal may be filed. An appeal filed either before or after the permitted time is not valid and does not confer subject matter jurisdiction on the court." Defendant KELP's "Memorandum of Law in Support of Motion to Dismiss," September 8, 1989, p. 14.
The defendant contends that plaintiffs failed to file their appeal petition in superior court "within forty-five days after mailing of the notice of the decision" on the request for rehearing, as required by Conn. Gen. Stat. sec. 4-183(b). It asserts that they acted prematurely in filing the appeal petition while the request for rehearing was still pending before the agency. Accordingly, it seeks dismissal of the appeal for lack of subject matter jurisdiction.
In opposition to the motion to dismiss, the plaintiffs maintain that the request for rehearing merely "extended" the time period during which petitioners could initiate their CT Page 3351 appeal.
The Connecticut courts have long recognized that "[d]eeply rooted in the UAPA . . . are the related doctrines of exhaustion of administrative remedies and finality of administrative action as general preconditions of judicial review. See, e.g., Conn. Gen. Stat. secs. 4-183(a) and (b). These doctrines are designed to prevent piecemeal appeals of a litigant's claims before an administrative agency. (Citations omitted)." Connecticut Natural Gas Corp. v. Department of Public Utility Control, 1 Conn. App. 1, 3. Accordingly, the filing of a request for reconsideration of an agency decision or a request for rehearing "postpones the running of the appeal period under sec. 4-183(b) until `the decision thereon'; Conn. Gen. Stat. sec. 4-183(b); so long as the request is filed with the agency within the period for the commencement of an administrative appeal by service upon the proper parties thereto. (Citations omitted)." Ierardi v. Commission on Human Rights and Opportunities, 15 Conn. App. 569, 575. A request for reconsideration or rehearing "has the legal effect of suspending the finality of the decision which is the subject of such motion and extends the time for appeal until that request is acted upon because there can be no `final decision' for purposes of appeal so long as the issues raised thereby remain unresolved." Solters v. State of Connecticut Board of Firearms Permit Examiners, 10 Conn. Law Trib. No. 12, p. 12 (Super.Ct. Nov. 28, 1983, Hammer, J.).
 Postponing the time for appeal until all timely requests for rehearing have been disposed of will prevent piecemeal appeals and reinforce the need for exhaustion and finality before judicial intervention. Furthermore, this reading of General Statutes 4-183(b) may obviate an appeal entirely, since it will give the litigant an opportunity to assess the results of the rehearing and then to decide, in the light of those results, whether an appeal is necessary. (Citation omitted).
Connecticut Natural Gas Corp. v. Department of Public Utility Control, 1 Conn. App. at 3.
In Hubbard v. Department of Income Maintenance,38 Conn. Sup. 538 (App. Sess. 1982), the court affirmed the trial court's decision granting the defendant state's motion to dismiss the plaintiff's administrative appeal for lack of subject matter jurisdiction. The court noted that there are distinct time periods prescribed by Conn. Gen. Stat. sec. 4-183(b) CT Page 3352 within which to initiate an administrative appeal:
 If an appeal is from a final agency decision, the petition must be filed within forty-five days after mailing of the notice of the final decision and served upon the agency and all parties of record within thirty days of such date. On the other hand, if an appeal is taken from a decision on a request for rehearing, the basic starting point for computing the applicable time limitations is the date of the decision. The appeal must be filed within forty-five days after the decision on the request and served upon the agency and all parties of record within thirty days of that date. The limitation periods thus are triggered in the first case by the mailing of the notice of the final decision and in the second case by the decision on the request for rehearing.
(Emphasis added).
The Connecticut Supreme Court has similarly recognized these "trigger dates" in Haylett v. Commission on Human Rights Opportunities, 207 Conn. 547, 554, in which it held that the limitation period within which a party may initiate an administrative appeal commenced on the date of the mailing of the notice of the decision on the appellant's request for reconsideration.
In Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. at 576, in considering whether plaintiff's administrative appeal to the court was untimely, the Connecticut Appellate Court determined that "the time for appeal in this case did not begin to run until the commission denied the plaintiff's application for reconsideration . . .".
Finally, in South Shores, Inc. v. Commission on Hospitals and Health Care, D.N. 286494, J.D. of New Haven, Memorandum of Decision on Motion to Dismiss, p. 3, August 4, 1989, the court, (Purtill, J.), in considering the defendant's motion to dismiss for lack of subject matter jurisdiction, determined that if a request for rehearing was filed with the administrative agency, petitioners' appeal petition "would have to be filed within forty-five days after the mailing of such notice" of the decision on the rehearing request. After citing Hubbard v. Department of Income Maintenance, 38 Conn. Sup. at 539-40, for the proposition that "the basic starting point for computing the applicable time limitations is the date of the decision CT Page 3353 on the request for rehearing"; Id., Memorandum of Decision on Motion to Dismiss, p. 5; the court determined that "[i]f . . . the request for rehearing was properly filed but has not yet been acted upon and no decision has been reached by the Commission the court has no jurisdiction since plaintiff has failed to exhaust its administrative remedies." Id. at p. 6. Accordingly, the court granted defendant's motion to dismiss for lack of subject matter jurisdiction. Id.
The above-cited cases indicate that Conn. Gen. Stat. sec. 4-183(b) does, in fact, establish a "filing window" during which a party may file a petition in the superior court seeking review of an administrative agency's decision. It therefore follows that any appeal petition filed before the permitted time period is premature and does not comply with the mandates of the UAPA.
In this case the plaintiffs failed to initiate their administrative appeal within the time period prescribed by Conn. Gen. Stat. sec. 4-183(b) — namely, within forty-five days after mailing of the notice of the decision on the request for rehearing. Inasmuch as they filed their appeal petition while the request for rehearing was still pending before the Connecticut Siting Council, petitioners acted prematurely.
The plaintiffs argue in the alternative that the filing by the Town of Killingly of its request for rehearing does not affect the right of the other parties to pursue their appeal.
By letter dated June 5, 1989, the petitioner Town of Killingly requested a rehearing pursuant to Conn. Gen. Stat. secs. 4-183(b) and 16-50q at which additional evidence and briefs would be submitted by the parties on issues concerning the appropriate cooling system for the facility and its impact on the Quinnebaug River and the site acquifer. At that point, the Connecticut Siting Council had the ability to modify or withdraw its Findings, Decision and Order of May 8, 1989. Therefore, inasmuch as the request for rehearing remained pending before the agency, there was "no `final decision' for purposes of appeal . . . "; Solters v. State of Connecticut Board of Firearms Permit Examiners, 10 Conn. Law Trib. No. 12, at p. 12; nor was there an exhaustion of administrative remedies; South Shores, Inc. v. Commission on Hospitals and Health Care, Memorandum of Decision on Motion to Dismiss at p. 6; because further agency action was necessary for the disposition of that rehearing request. Accordingly, the court lacked subject matter jurisdiction over any appeal from the Findings, Decision and Order of May 8, 1989. CT Page 3354
The plaintiffs also argue that "[a]ny jurisdictional defects in the June 8, 1989 appeal complaint were corrected by the August, 1989 amendments to the appeal complaint [which amendments] added as an additional ground for the appeal the allegation that the Plaintiffs herein were aggrieved by the Council's July 10, 1989 decision" denying the Town's request for rehearing. Plaintiff Providence Water Supply Board's Memorandum in Opposition to Defendants' Motion to Dismiss, October 17, 1989, pp. 20-22.
It is well-established that a jurisdictional defect renders an appeal void ab initio. Stroiney v. Crescent Lake Tax District, 197 Conn. 82, 86 n. 3; American Factors, Inc. v. Foreign Intrigue, Inc., 6 Conn. App. 656, 658, cert. denied201 Conn. 802. In noting that "[t]he power to permit an amendment to an appeal presupposes jurisdiction of the original appeal"; American Factors, Inc. v. Foreign Intrigue, Inc.,6 Conn. App. at 658; the courts have determined that where a jurisdictional defect exists, the courts "have `no power to allow an amendment conferring jurisdiction, since that in itself would be an exercise of jurisdiction.' (Citation omitted)." Stroiney v. Crescent Lake Tax District, 197 Conn. at 86 n. 3.
The filing of the subsequent "Amended Appeal Complaint" on August 8, 1989, "does not cure the defective appeal because a jurisdictional defect renders an appeal void ab initio and uncorrectable." American Factors, Inc. v. Foreign Intrigue, Inc., 6 Conn. App. at 658. The appellate court therefore held that "[s]ince jurisdiction is lacking in this case, the amended appeal is legally ineffective to grant the required jurisdiction necessary for a proper appeal." Id.
The plaintiffs make the further argument that the Connecticut Siting Council has no statutory or regulatory authority to act on a request for rehearing once it has issued a final decision in a contested case, and that therefore, the Council had rendered a final decision and petitioners had exhausted all available administrative remedies.
In Ierardi v. Commission on Human Rights and Opportunities, 15 Conn. App. 569, 576, the Appellate Court determined that "state agencies can adopt differing internal rules governing the time period during which each will entertain requests for reconsideration, while reconsideration requests filed with all agencies within the initial appeal period established by sec. 4-183(b) will have the effect of postponing the running of the statutory appeal period." (Emphasis added). Thus, although the plaintiffs in Ierardi had failed to file a request for reconsideration within seven days of the date of the notice of dismissal, as prescribed by the agency's CT Page 3355 regulations, their request for reconsideration did operate to postpone the appeal period under Conn. Gen. Stat. sec. 4-183(b) until the decision thereon, for it was filed with the agency within the period for the commencement of an administrative appeal by service upon the proper parties thereof. Ierardi,15 Conn. App. at 575. The Ierardi decision clearly supports KELP's argument that the filing of such a request postpones the commencement of the appeal period under Conn. Gen. Stat. sec. 4-183(b).
Finally, the plaintiffs claim that the Connecticut Siting Council failed to publish notice of its denial of the Town's request for a rehearing.
The regulations of the Connecticut Siting Council prescribe the requisite notice and publication procedures following a certification hearing:
 (a) Procedure and contents. All decisions and orders of the council concluding a contested case shall be in writing. The decision may include all findings of fact and conclusions of law relied upon by the council in arriving at the decision, the findings of fact, and law to be separately stated.
 (b) Service. Parties and intervenors shall be served in the manner herein provided with a copy of the order and the opinion of the council. A notice of the issuance of the order and opinion shall be published once in each newspaper in which was printed the notice of application under section 16-50j-13 of these rules.
Conn. Dep't Reg. section 16-50j-32.
The court finds that although these provisions would apply to an agency decision and order following a certification hearing, such notice and publication is not mandated upon denial of a request for a rehearing thereon. Accordingly, the Connecticut Siting Council was not required to publish notice of its denial of the town's request for a rehearing.
The appellants acknowledge that the federal courts have interpreted federal statutes functionally similar to the UAPA which impose time requirements for the filing of petitions for review of administrative decisions "as establishing only a termination date, and not a commencement date, for judicial CT Page 3356 jurisdiction." Western Union Telegraph Co. v. F.C.C., 773 F.2d 375
at 377 (D.C. Cir. 1985). They argue nevertheless that KELP "has cited no Connecticut case law supporting the theory underlying its motion to dismiss." Brief of Providence Water Supply Board, p. 12.
Our Supreme Court, however, has consistently held that a petition for a rehearing made in the trial court "operates of itself to defer, until it is finally disposed of, the time for appealing from the original order", because the filing of an appeal before the final determination of the motion. Beard's Appeal, 64 Conn. 526, 535-36. The court also noted that the settled construction of functionally similar federal statutes by the federal courts "are equally applicable to that of this state." Id. 535.
In the context of appeals from administrative agencies, the federal courts have held that "the filing of a challenge to agency action before the agency has issued its decision on reconsideration is incurably premature [because] it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration." Telestar, Inc. v. F.C.C., 888 F.2d 132
at 134 (D.C. Cir. 1989). Accordingly, the Court of Appeals held in Telestar that "final agency action on the reconsideration request [cannot] ripen a prematurely-filed petition for review and vest this court with jurisdiction." Id.
Finality for purposes of entitlement to judicial review should mean the same thing that finality means for purposes of triggering the time limits for the taking of an appeal and the court therefore cannot have jurisdiction over a petition for review when a request for reconsideration brought by the same party is still pending before the agency. West Penn Power Co. v. EPA, 860 F.2d 581, 587 (3rd Cir. 1988). Under the facts of this case, the request for reconsideration dated June 5, 1989, asked the Siting Council, inter alia, to schedule a rehearing to allow "other parties to submit evidence" on the issue of the facility's cooling requirements and all of the parties to the original "premature" appeal alleged as a ground for their "amended" appeal (Seventeenth Count, p. 21) the improper denial of the request for rehearing, thereby rendering the ultimate denial of that request final as to all parties. Cf. ICG Concerned Workers Association v. U.S., 888 F.2d 1455,1458 (D.C. Cir. 1989).
For the foregoing reasons, the court finds that the plaintiffs have failed to appeal from a final decision of the Siting Council, they are not aggrieved by the decision appealed from, and their appeal was not filed or served within the time CT Page 3357 periods required by the UAPA.
Accordingly, the motion of the defendant, KELP, to dismiss the appeal is granted.
HAMMER, J.