[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed a second amended revised complaint against the Housatonic Valley Tourism District Commission (Commission), Laszlo Pinter, Violet Mattone, and Carl Landwehr. They now move to dismiss on the ground that this court lacks subject matter jurisdiction. They argue that the Commission is a state agency and, therefore, the defendants may only be sued under §§ 4-147, 4-148, 4-160, and 52-64 of the General Statutes. Because the plaintiff failed to follow the requirements of said statutes, this action, the defendants contend, must be dismissed.
Several factors for consideration have evolved in determining whether a given entity is an "arm" of the government entitled to be clothed with the tort immunity of the state. These include whether the entity was created by the state and to whose control the entity is subject; an analysis of the issues involved and the relief sought; whether the state itself has a pecuniary interest or a substantive right in need of protection; whether the governmental body functions statewide; does the state's work; was created by the state legislature and is subject to local control; to what extent the entity depends financially on state coffers; and, whether the instrumentality was created as a state agency and empowered to accomplish a public purpose. Some other considerations are the character of power delegated to the governmental body by a legislative enactment, the relation of the entity to the state, whether the entity is a public corporation separate from the state, and whether the instrumentality uses state owned land or owns the land independently. The fact that an entity was created by a state statute does not alone establish that it is an arm of the state. Dolnack v. Metro-North CommuterRailroad Co., 33 Conn. App. 832, 836-37 (1994). CT Page 10472
In an opinion of the Attorney General dated May 28, 1996, the Attorney General concluded that the tourism districts are not agencies of the state or any political subdivision thereof and, therefore, they are not exempt from sales taxes under § 12-412
(1) of the General Statutes. The opinion stated that "[a]lthough funded by the state pursuant to § 32-305, the districts do not administer any state program nor are they authorized to act on behalf of the state. See, e.g., CatholicFamily Community Services v. CHRO, 3 Conn. App. 464, 467
(1985). Rather, the districts are designated recipients of state expenditures for tourism promotion. They do not perform an exclusively governmental function nor are they subject to extensive regulation or control. Other than being subject to state audit, § 32-305, the tourism districts are subject to little state oversight. Each has its own board of directors and adopts its own charter and bylaws.
"Municipal interests are represented in the districts, in that each municipality that comprises the district appoints at least one representative to the board of directors, but additional, non-governmental representatives may also be appointed to the board of directors of each district. See § 32-302 (b). The districts do not supplant municipal authority in the field and are not subject to the regulation or control of any municipality."
"Although an opinion of the attorney general is not binding on a court, it is entitled to careful consideration and is generally regarded as highly persuasive." Connecticut Hospital Assn. v. Commissionon Hospitals Health Care, 200 Conn. 133, 143 (1986). This court is, indeed persuaded by the reasoning of this attorney general's opinion. The Commission is not a state agency, and the motion to dismiss is, accordingly, denied.
Moraghan, J