[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff appeals pursuant to the Uniform Administrative Procedure Act (UAPA) General Statutes §§ 4-166 et seq. and § 4-183, from a hearing officer's decision denying a motion to dismiss certain allegations contained in an employment discrimination complaint pending before the Commission on Human Rights and Opportunities (CHRO).
The CHRO moves to dismiss the plaintiff's appeal on jurisdictional grounds.
This appeal is an interlocutory appeal under the UAPA, and is only available under the conditions set forth in § 4-183(b) which limits appeals of procedural or intermediate agency action to situations where the plaintiff can demonstrate;
 (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
The plaintiff's only claim with respect to its "inadequate remedy" is the expenditure of time and money in defending the complaint before the CHRO. The plaintiff has no authority for its CT Page 11778 proposition that defense costs are grounds for an interlocutory appeal.
The general rule is that exhaustion of administrative remedies and finality of administrative actions are preconditions to judicial review. "These doctrines are designed to prevent piecemeal appeals of a litigant's claim before an administrative agency . . ." (Citations omitted.) Connecticut Natural GasCorp. v. DPUC, 1 Conn. App. 1, 3 (1983).
 The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review . . .
(Citations omitted; internal quotation marks omitted.) Pet v.Department of Health Services, 207 Conn. 346, 351 (1988).
In the instant case, the hearing officer was obliged to hear the case before dismissing the claims. See General Statutes § 46a-86(e). The dismissal of a portion of the underlying complaint would not relieve the plaintiff of its burden of defense.
The plaintiff has not met its burden of establishing that the agency procedures provided an "inadequate remedy."
Accordingly, the plaintiff has failed to exhaust its administrative remedies. Therefore, the court is without jurisdiction to hear this appeal.
The motion is granted and the appeal is dismissed.
Robert F. McWeeny, J.