[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff is a Connecticut non-stock, not-for-profit corporation which provides community access operations and programming in a community antenna television service franchise area.[1] The defendant, United Cable Television Services Corporation doing business as TCI Cablevision of Central Connecticut ("TCI"), is a public service company as defined in General Statutes § 16-1. TCI provides community antenna television service for the franchise area in which the plaintiff provides operations and programming. The defendant, Department of Public Utility Control ("DPUC"), is a regulatory agency for the State of Connecticut charged by statute (§ 16-331 et seq.) with the certification, regulation and supervision of community antenna television companies. The Office of Consumer Counsel ("OCC") is an agency of the State of Connecticut and is a party to the proceedings of the DPUC by virtue of General Statutes § CT Page 1217516-2a. TCI provides community antenna service to the franchise area pursuant to a Certificate of Public Convenience and Necessity ("CPCN") which is subject to renewal by the DPUC. TCI exercised its option to request renewal of its CPCN pursuant to §16-331 (d)(1) and, on or about April 1, 1999, notified the DPUC of its intention to renew its franchise. The DPUC opened a docket on the franchise renewal application, designated Docket No. 99-04-12. Pursuant to § 16-331a(k), the CPCN or franchise to operate a community antenna television system must include in the franchise agreement the funding that organizations like the plaintiff shall receive for its operations.
On or about May 13, 1999, the plaintiff, pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes §§ 4-166 et seq. and 4-177a, filed with the DPUC a petition to be made a party in Docket No. 99-04-12. The DPUC heard the plaintiffs petition and on May 26, 1999 denied the plaintiffs petition to be made a party, but granted the plaintiff intervenor status without limitations on its participation. The plaintiff, pursuant to the UAPA § 4-183, brings this appeal of the DPUC decision denying its petition for party status in Docket No. 99-04-12.
This appeal is an interlocutory appeal under the UAPA and is only available under the condition set forth in § 4-183 (b), which limits appeals of procedural or intermediate agency action to situations where the plaintiff can demonstrate that:
 (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
The general rule is that the exhaustion of administrative remedies and finality of administrative actions are pre-conditions to judicial review. "These doctrines are designed to prevent piecemeal appeals of a litigant's claims before an administrative agency. . . ." (Citations omitted.) ConnecticutNatural Gas Corp. v. DPUC, 1 Conn. App. 1, 3 (1983). "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in CT Page 12176 advance of possible judicial review . . . (Citations omitted; internal quotation marks omitted.) Pet v. Department of HealthServices, 207 Conn. 346, 351 (1988).
The DPUC's action in ruling on the plaintiffs motion to be made a party in the TCI franchise renewal case is determined pursuant to the UAPA § 4-177a, which authorizes the presiding officer in a contested case to grant party or intervenor status. Subsection 4-177a(d) authorizes the hearing officer to limit an intervenor' s participation.[2]
The hearing officer's decision denying the plaintiff party status and granting it intervenor status does not contain any conditions limiting the plaintiffs participation either with respect to the issues or evidence. The DPUC, through its counsel, represented to the court that it views the authority under §4-177a(d) to limit participation, as requiring a determination as to any limitations at the outset of the proceeding. Thus, it is the position of the DPUC that since the plaintiffs intervenor's status was not limited in the May 26, 1999 order, it will not and may not be restricted at a subsequent point during the proceedings in Docket No. 99-04-12.
The plaintiff, as an intervenor, with no limitations on its participation, will be able to fully participate in Docket No. 99-04-12. Allowing the agency to proceed with the hearing will not prejudice the plaintiff and will allow for a full evidentiary record in the event that there is court review following a final decision in the contested case. The plaintiffs opportunity to fully participate in the franchise renewal proceeding precludes it from demonstrating that allowing the contested case to go to final decision will deprive the plaintiff of an adequate remedy. The plaintiffs legal rights, whatever they may be, will be adequately protected by judicial review of the final agency action after the contested case.
Accordingly, the defendant's motion to dismiss is granted and the plaintiffs appeal is dismissed.
In that the appeal is being dismissed on jurisdictional grounds, it is unnecessary to address the OCC's motion to intervene in the appeal.
Robert F. McWeeny, J. CT Page 12177