[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
The Department of Public Utility Control ("DPUC") moves to dismiss counts four, five and six of this administrative appeal brought by the Southern New England Telephone Company ("SNET") on the ground of lack of subject matter jurisdiction.
The record shows as follows. On March 11, 1999, SNET requested the DPUC to render a declaratory ruling on the issue of whether the Town of CT Page 208 Manchester in a pilot project might install fiber optic cables on telephone poles. SNET reported that Manchester's goal was to test the feasibility of integrating voice, video and data over fiber optic cable between municipal facilities.
After duly noticed hearings and proceedings before the DPUC, a final ruling was issued by the DPUC on January 19, 2000, and was mailed to all parties and intervenors on January 20, 2000. This ruling concluded that Manchester was allowed to continue with its pilot project, interpreting both General Statutes § 16-233 defining "municipal gain" and General Statutes § 16-247a(b)(5) defining "private telecommunications service." (Partial Return of Record, ("ROR"), Item 1.) On February 4, 2000, within 15 days of the mailing of the DPUC final ruling, SNET asked under General Statutes § 4-181a (a)(1) that the DPUC ruling be reconsidered. On February 23, 2000, the DPUC decided that it would grant a reconsideration regarding the issue of "municipal gain." The decision states in part:
 Pursuant to Section 4-181 a of the General Statutes of Connecticut, the Department hereby reopens the instant docket to consider the Telco's Petition, on a limited basis, regarding the issue of municipal gain. The Department does not believe it is necessary to reconsider its position on whether Manchester's fiber optic cable satisfies the statutory criteria of a private telecommunications service or the further litigation of the term "signal wires" since both those issues were fully adjudicated in the original Decision.
(ROR, Item 2, p. 1.) The DPUC proceeded to act upon SNET's motion to reconsider addressing solely the issue of "municipal gain."
Meanwhile, SNET brought an administrative appeal of the final ruling of the DPUC dated January 19, 2000. and mailed January 20, 2000. This appeal was both filed and served by certified mail on March 6, 2000. On May 8, 2000, this court dismissed that appeal on the ground that it had been served outside the forty-five day period of General Statutes § 4-183
(c). SNET v. DPUC, Superior Court, judicial district of New Britain, Docket No. 0500674 (May 8, 2000).
On May 17, 2000, the DPUC issued its decision clarifying the issue of "municipal gain." Again, the DPUC stated that "it was not necessary to reconsider whether Manchester's use of fiber optic facilities satisfies the statutory criteria of a private telecommunications service or whether the use of the municipal gain for the purpose of providing CT Page 209 telecommunications services is permitted pursuant to Conn. Gen. Stat. § 16-233, since those issues were fully adjudicated in the January 19, 2000 Decision." This decision clarifies the earlier January final ruling by describing that the "municipal gain" consists of a space designated for multiple wires within an attachment on a pole or in an underground duct system. The earlier ruling had referred to "municipal attachments." (ROR, Item 3, pp. 1-2.)
On June 26, 2000, SNET filed the present administrative appeal. In counts 1-3 the appeal challenges the DPUC's interpretation of General Statutes § 16-233, the "municipal gain" issue, and in counts 4-6 the appeal challenges the DPUC's completely separate interpretation of General Statutes § 16-247a(b)(5), which were the subject of the DPUC's January 19, 2000 ruling. The DPUC has now moved to dismiss counts four through six on the ground of lack of subject matter jurisdiction.
There is no question now that under General Statutes §§ 4-183
(a) and 4-166(3)(C) "a party in a contested case may appeal . . . from an agency decision rendered after reconsideration pursuant to § 4-181a."Derwin v. State Employees Retirement Commission, 234 Conn. 411, 423
(1995). This appeal presents the further issue of whether a point of the original decision that was not the subject of reconsideration and to which no timely appeal was taken might become a part of the appeal after reconsideration.
The legislature has enacted a changed approach to the law here. To see this and resolve the issue, the court must first look to the state of the law prior to the 1988 revisions to the Uniform Administrative Procedure Act. Public Acts 1988, No. 88-317. The prior law provided that after a final decision, a party might make a request to the agency for a reconsideration. The mere filing of a request for reconsideration was sufficient to toll the time for taking the appeal as to all issues, even if only one issue was sought in reconsideration. "Postponing the time for appeal until all timely requests for rehearing have been disposed of will prevent piecemeal appeals and reinforce the need for exhaustion and finality before judicial intervention. Furthermore, this reading . . . may obviate an appeal entirely, since it will give the litigant an opportunity to assess the results of the rehearing and then to decide, in the light of those results, whether an appeal is necessary." ConnecticutNatural Gas Corp. V. DPUC, 1 Conn. App. 1, 3 (1983) (CNG, after decision, filed a reconsideration motion regarding only four of multiple issues decided by the DPUC).
The court in Connecticut Natural Gas Corp. v. DPUC explained its rationale for tolling the appeal as follows:
CT Page 210 The defendants' position, adopted by the trial court, would force an administrative litigant who wishes to request a rehearing on part out not all of its claims to choose between the Scylla of filing a partial and premature protective appeal and the Charybdis of presenting all its claims to the agency for reconsideration including, as here, those which it does not in good faith believe the agency is likely to reconsider. The UAPA does not require litigants to steer such a difficult and bizarre course.
Id., 4. Certainly under pre-1988 law, SNET would be able to raise each issue decided by DPUC in its appeal filed after the reconsidered decision was released.
In 1988, however, the General Assembly in Public Act 88-317 revised the statutory scheme for obtaining a reconsideration. First, § 4-181a
(a) requires a party to move for reconsideration within fifteen days and the agency must decide the issue of whether to reconsider within another twenty-five days. Thus, if the administrative appeal is to be considered in whole or in part by the agency, that determination will have been made within forty days. Under the UAPA as revised in 1988, a party has forty-five days to file .and serve an administrative appeal. General Statutes § 4-183 (c). A prospective appellant will know, therefore, before the deadline for an appeal expires, whether a reconsideration has been granted and which issues will be reconsidered.[1]
The revisions of Public Act No. 88-317 "removed the capability to toll the appeal period by filing a petition for reconsideration with the agency." Cassella v. Department of Liquor Control, 30 Conn. App. 738,741, cert. denied, 226 Conn. 909 (1993). This legislative action in effect also removed the ability to reserve for judicial review after reconsideration all issues raised by a decision, where only some issues and not all were made part of the reconsideration. Here, SNET knew in advance of the forty-five day period to file and serve an appeal from the DPUC decision of January, 2000, that only the issue of "municipal gain" was subject to reconsideration. It was equally clear that the DPUC was not going to consider the private telecommunication issue. At that point it was incumbent upon SNET to take an appeal as to the issues not subject to reconsideration or lose the right to appeal from these issues. The forty-five day limit is jurisdictional. CHRO v. Windsor Hall Rest Home,232 Conn. 181 (1995); Glastonbury Volunteer Ambulance Assn., Inc. v.FOIC, 227 Conn. 848 (1993).
To hold that SNET was obliged to appeal the issues not under reconsideration in March, 2000, does not contradict the concern for the CT Page 211 right to appeal shown in Connecticut Natural Gas Corp. v. DPUC as quoted above. Here, SNET was not forced to take a meaningless appeal or to pursue reconsideration on issues it considered settled. Under the current statutes, SNET knew at least ten days before its deadline to appeal of March 5, 2000, that its motion to reconsider had failed on certain issues and that it was required to appeal, with respect to those issues within the 45 day time limit.
The DPUC's motion to dismiss is granted. Counts four, five and six of SNET's appeal are dismissed.
Henry S. Cohn, Judge.