CONNECTICUT BANK AND TRUST COMPANY *v.*
COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES ET AL.
(12854)

HEALEY, SHEA, CALLAHAN, SATTER and ALLEN, Js.

Argued November 14, 1986—decision released January 27, 1987

*Wesley W. Horton,* with whom was *Dennis A. Lalli,* for the appellant (plaintiff).

*Robert A. Whitehead,* assistant attorney general, with whom, were *David M. Teed,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, and *Lee Bezanson,* assistant attorney general, for the appellee (named defendant).

CALLAHAN, J. This appeal involves the dismissal by the Superior Court of the plaintiff Connecticut Bank and Trust Company's (CBT) appeal from an order of the commission on human rights and opportunities (CHRO). The Superior Court dismissed CBT's administrative appeal on the ground that CBT had failed to comply with the service of process requirements of General Statutes § 4-183 (b),[1] by not serving the complainant, Dolores Mikos, with a copy of the appeal petition. On appeal, the plaintiff claims that the trial court erred in finding that a complainant before the CHRO is a "party of record" under General Statutes § 4-183 (b) who must be served with a copy of the appeal petition. Alternatively, the plaintiff claims that if the complainant is a "party of record," failure to serve her should not result in the automatic dismissal of its administrative appeal. We dismiss the appeal without addressing the merits of the plaintiff's claims because the order of the CHRO appealed from was not a final decision, thereby rendering CBT's appeal premature.

---

[1] General Statutes § 4-183 (b) provides: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

A review of the procedural background of this case is necessary to our discussion concerning the finality of the CHRO's order. The underlying action was commenced in July, 1981, by Dolores Mikos, a former employee of the plaintiff. Mikos filed a complaint with the CHRO, claiming that CBT had discriminated against her in employment because of her sex. The CHRO investigated Mikos's complaint, finding that reasonable cause existed to believe a violation had been committed by CBT. Public hearings were held, and on September 16, 1984, the CHRO issued its findings of fact and a memorandum of decision (September decision). The hearing officer found that CBT had discriminated against Mikos in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e; and General Statutes § 46a-60 (a) (4), and ordered that Mikos be awarded back pay in the full amount of the difference between her gross weekly salary at CBT on the date of her termination and the gross weekly pay she had earned at any time during the period from her discharge to the date of the agency's order. The hearing officer further ordered that this sum be reduced by any amount of income, including unemployment compensation, received or earned by Mikos during that time. Mikos was also awarded statutory interest on the full amount of this award, to the date of judgment. In addition, the tribunal directed CBT to develop a sexual harassment grievance procedure for its employees. Finally, it invited CBT to submit documentary evidence covering the current status of a personal loan of Mikos's on CBT's books. CBT appealed this order to the Superior Court on October 29, 1984.

Subsequently, on November 27, 1984, the hearing tribunal issued an "addendum" to the orders entered in its September decision. The hearing officer reiterated the measure of damages to be applied in computing Mikos's back pay. Further, it noted that Mikos's award

should be mitigated by any amount documented by CBT as due and owing to CBT on a personal loan taken out by Mikos. CBT failed, however, to submit any documentation concerning the note, so the tribunal made no finding with regard to any sum due on it. The tribunal, however, went on to discuss another mitigating factor, the reasonable efforts of the complainant to obtain comparable, if not equal, employment. After concluding that the complainant had failed to make such reasonable efforts, the tribunal reduced the amount of the back pay award from $108,797.00 to $100,000 plus interest at 10 percent per annum to the date of payment.[2] CBT then filed a second appeal to the Superior Court seeking review of both the addendum and the September decision.

On November 14, 1985, the CHRO moved to dismiss the appeals. The trial court consolidated both appeals for purposes of deciding the CHRO's motion to dismiss. As to CBT's appeal from the September decision, the trial court, concluding that Mikos was a party of record, granted the CHRO's motion to dismiss on the ground that Mikos had not been served with a copy of the appeal petition in accordance with General Statutes § 4-183 (b). With regard to CBT's appeal from the November 27, 1984 "addendum" to the CHRO's September decision, the trial court dismissed that part of the appeal challenging the September decision. The trial court reasoned that the September decision was a final agency decision as to liability, and that that portion of CBT's second appeal challenging the September decision was filed and served beyond the time limitations contained in § 4-183 (b). The trial court

---

[2] We note that the hearing tribunal's "addendum" to its September order is not a part of the record on this appeal. We may, however, take judicial notice of the addendum, which is a part of the record filed with the Superior Court in CBT's separate appeal from the addendum. *Karp* v. *Urban Redevelopment Commission*, 162 Conn. 525, 527–28, 294 A.2d 633 (1972).

denied the CHRO's motion to dismiss the second appeal
to the extent that CBT sought to challenge the calcu-
lation of back pay made by the hearing officer in the
November addendum. The court concluded that since
the addendum was based on additional evidence to cal-
culate the amount of back pay, it was a final decision
as to a different matter from the September decision
and that it was filed and served within the time limita-
tions of § 4-183 (b). The administrative appeal from the
hearing officer's calculation of damages in the adden-
dum is pending in the trial court.

The threshold question in this case is whether the trial
court should have asserted jurisdiction over the plain-
tiff's appeal from the CHRO's September decision. If
the trial court improperly asserted jurisdiction, we
cannot hear the merits of this appeal. See *State* v. *Best,*
171 Conn. 487, 490–91, 370 A.2d 1035 (1976); *Carten*
v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966);
W. Maltbie, Connecticut Appellate Procedure § 273; see
also *Bardes* v. *Zoning Board,* 141 Conn. 317, 318–19,
106 A.2d 160 (1954).[3]

Appeals from administrative agencies exist only
under statutory authority. *Ardmare Construction Co.*
v. *Freedman,* 191 Conn. 497, 503, 467 A.2d 674 (1983).
A statutory right to appeal may be taken advantage
of only by strict compliance with the statutory provi-
sions by which it is created. *Bridgeport Bowl-O-Rama,*
*Inc.* v. *Zoning Board of Appeals,* 195 Conn. 276, 283,
487 A.2d 559 (1985). General Statutes § 4-183 (a),[4]

---

[3] The parties did not brief the issue of the finality of the CHRO's Sep-
tember decision. The plaintiff raised the issue for the first time at oral
argument.

[4] "[General Statutes] Sec. 4-183. APPEAL TO SUPERIOR COURT. (a) A per-
son who has exhausted all administrative remedies available within the
agency and who is aggrieved by a final decision in a contested case is entitled

which governs appeals to the Superior Court from administrative agencies, provides in pertinent part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a *final decision* in a contested case is entitled to judicial review by way of appeal under this chapter . . . . " (Emphasis added.) Thus, only a party who is aggrieved by a *final decision* in a contested case is entitled to judicial review of the agency decision. *Ardmare Construction Co.* v. *Freedman, supra.* The doctrines of finality and exhaustion of administrative remedies are "designed to prevent piecemeal appeals of a litigant's claims before an administrative agency. *Touche Ross & Co.* v. *Securities & Exchange Commission,* 609 F.2d 570, 574–75 (2d Cir. 1979); *State of New York* v. *United States,* 568 F.2d 887, 893 (2d Cir. 1977)." *Connecticut Natural Gas Corporation* v. *DPUC,* 1 Conn. App. 1, 3, 467 A.2d 679 (1983); see generally 4 K. Davis, Administrative Law §§ 26:1 through 26:10.

We must determine then, if the CHRO's September decision, which indicated that further evidence on damages would be received, constitutes a "final decision" for purposes of § 4-183 (a). It is a well established rule of federal appellate jurisdiction that where liability has been decided, but the extent of damages remains undetermined, there is no final order. *Bethlehem Steel Corporation* v. *Environmental Protection Agency,* 669 F.2d 903, 910–11 (3d Cir. 1982); *Sun Shipbuilding & Dry Dock Co.* v. *Benefits Review Board,* 535 F.2d 758,

to judicial review by way of appeal under this chapter, provided, in case of conflict between this chapter and federal statutes or regulations relating to limitations of periods of time, procedures for filing appeals or jurisdiction or venue of any court or tribunal, such federal provisions shall prevail. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

760–61 (3d Cir. 1976); cf. *Hattersley* v. *Bollt,* 512 F.2d 209, 213–14 (3d Cir. 1975); *United States* v. *1,431.80 Acres of Land,* 466 F.2d 820, 822 (8th Cir. 1972). We have similarly found no final order when summary judgments dispose of the liability issue, yet leave the issue of damages to be determined at a later hearing. *New Haven Redevelopment Agency* v. *Research Associates, Inc.,* 153 Conn. 118, 120, 214 A.2d 375 (1965); see *McColl* v. *Pataky,* 160 Conn. 457, 462, 280 A.2d 146 (1971). Although we have never applied such a rule to appeals of administrative decisions, federal courts have held that an administrative order is not final where the remaining determination of damages is nonministerial, i.e., the hearing officer must exercise independent judgment or discretion in calculating damages. See *Carter/Mondale Presidential Committee, Inc.* v. *Federal Election Commission,* 711 F.2d 279, 286 n.14 (D.C. Cir. 1983); *Director, Office of Workers' Compensation Programs* v. *Brodka,* 643 F.2d 159, 161 (3d Cir. 1981); *Newport News Shipbuilding & Dry Dock Co.* v. *Director, Office of Workers' Compensation Programs,* 590 F.2d 1267, 1268 (4th Cir. 1978); *United Fruit Co.* v. *Director, Office of Workers' Compensation Programs,* 546 F.2d 1224, 1225 (5th Cir. 1977); see also *National Treasury Employees Union* v. *Federal Labor Relations Authority,* 712 F.2d 669, 674 (D.C. Cir. 1983) The reasoning in these decisions is grounded upon the well founded policy against piecemeal review of agency action. See *FTC* v. *Standard Oil Co.,* 449 U.S. 232, 243, 101 S. Ct. 488, 66 L. Ed. 2d 416 (1980). The same reasons that support the prohibition against appeals from interlocutory orders in a trial court are, therefore, equally pertinent in the administrative context. *McKart* v. *United States,* 395 U.S. 185, 194, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969); *Bethlehem Steel Corporation* v. *Environmental Protection Agency,* supra, 907. Under

the circumstances of this case, we see no reason not to apply this policy against piecemeal review and dismiss this appeal as premature.

A review of the September decision clearly shows that although the CHRO determined that the complainant had sustained a compensable injury and that CBT was liable, the exact damage award was not determined. The amount of the back pay award, as computed in the addendum, was based on additional documentary evidence submitted by the assistant attorney general and counsel for CBT after the September hearing. The hearing officer, therefore, did not engage in a purely ministerial task after the issuance of the September decision; *Gauvin* v. *New Haven,* 187 Conn. 180, 184, 445 A.2d 1 (1982); see *Hattersley* v. *Bollt,* supra, 213–15; rather, after determining the extent of the complainant's efforts to obtain other employment, the hearing officer reduced the amount of the back pay that the complainant was entitled to under the damages formula set forth in the September decision.[5] Consequently, the September order of the tribunal was not a final decision, and therefore CBT's appeal was premature. The trial court should have dismissed CBT's appeal for lack of a final decision rather than because of the failure to make service on Mikos.

There is error in the form of the judgment, it is set aside and the court is directed to render judgment dismissing the appeal for lack of jurisdiction.

In this opinion the other justices concurred.

---

[5] The trial court noted in its memorandum of decision that the calculation of damages was not merely ministerial.