[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff appeals from the decision and order of the Department of Public Utilities (DPUC) denying her application for party status concerning the proceeding before it. Connecticut Water Company (CWC) made application for approval for a contract with Warren J. Gottier to supply water service on land owned by him known as Hillside Industrial Park (HIP). It is alleged by the plaintiff that HIP's operation causes discharges, spillage, seepage or infiltration of chromium and/or its compounds which include the pollution of the public water supplying the plaintiff and approximately 100 others at the adjoining mobile home of High Manor Park.
The defendant, Gottier, moved to dismiss in that the plaintiff is not appealing from a final decision.
In a case concerning the same subject matter, Vernon Village, Inc., et al v. Department of Public Utility Control, et al, No. 0375235, having generally the same parties and having the same motion to dismiss with the same attorneys and the same arguments, the parties have agreed will result in the same finding and decision and therefore have joined it herein. In the Vernon Village case the plaintiffs are parties to the agency hearing but before a final decision of the agency have appealed for failure of the agency to make a decision within 90 days as defined by G.S. 4-180(a), directing the petitioner to be defaulted for failure to answer their interrogatory requests and direct the agency to act within the authority granted it, being that the appellants claim that the agency may not make part of its decision a direction of the payment of money. This appeal has likewise been made before a final decision.
The plaintiffs object to the motion to dismiss on the grounds that P.A. 88-317 which became effective July 1, 1989 amended G.S. 4-183 to provide "A person may appeal a preliminary, CT Page 878 procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this Chapter to appeal from the final agency action or ruling, and (2) postponement of the appeal would result in an inadequate remedy."
This amendment does not change the doctrines of finality and exhaustion of administrative remedies and who is entitled to judicial review of an agency's decision as set out in Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 155, so as to avoid piece-meal appeals of a litigants' claims before an administrative agency. The allegations of the plaintiffs' complaint in the Vernon Village case fail to demonstrate that postponement of the appeal will result in an inadequate remedy, and the allegations of the plaintiff's complaint in the Marion DeCeasar case fail to demonstrate that she is a party who will be aggrieved directly by the agency's final decision. Ardmore Construction Co. v. Freedman, 191 Conn. 497,503.
For the above reasons, the motions to dismiss are granted.
CORRIGAN, J.