[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff has brought this administrative appeal to Superior Court seeking judicial review of certain factual findings and orders made against him.
Both the defendant Commission on Human Rights and Opportunities (The Commission) and the defendant Attorney General have now moved to dismiss on the basis that: (1) the parties were not timely served notice of the appeal; (2) the appeal petition was not timely filed with the clerk of the court; and (3) the Attorney General is not a proper party.
By way of his appeal dated August 3, 1990, appellant Mondo has petitioned this court to find that the Commission's decision was "illegal, arbitrary, and in abuse of discretion," and to reverse the agency's decision, eliminating the award of damages.
At oral argument, the defendant agreed the case should be dismissed but only on other grounds that the appeal was prematurely filed.
This court holds that because this award is not final as to all respondents, it cannot be held final as to any respondent. The court agrees with the plaintiff respondent Mondo that the appeal should be dismissed as premature, since the agency action is not a final decision.
On June 26, 1990 the Hearing Officer or the defendant Commission on Human Rights and Opportunities found that appellant Frank Mondo discriminated against Stacy Northerlington in a housing matter, in violation of Connecticut and Federal statutes. The Commission assessed an award of damages made pursuant to Connecticut General Statutes 46a-86 (c) against appellant Mondo of $5,000.00 and imposed other conditions upon him. CT Page 5371
On November 22, 1985, Stacy Northerlington filed a complaint with the Commission on Human Rights and Opportunities alleging that Frank Mondo, Bruce Mondo and Helen Domizio had discriminated against her in that they refused to rent a house I jointly owned by them to Ms. Northerlington because of her color. Bruce Mondo settled with the Commission prior to the commencement of the hearing, and his name was deleted from the complaint. Helen Domizio submitted an answer subsequent to receipt of notice of the hearing, but at no time did she appear at the hearing.
In a Memorandum of Decision rendered on June 26, 1990, the Hearing Officer for the Commission found that Frank Mondo, Bruce Mondo and Helen Domizio are the co-owners of the aforementioned house, and that by agreement of the co-owners, Frank Mondo served as landlord and manager of the house. The Hearing Officer further determined that appellant Frank Mondo, individually and as agent for Helen Domizio, had discriminated against Stacy Northerlington in violation of Connecticut statutes. The violations were the result of Mr. Mondo's "statements. . .indicating a preference or discrimination or an intention to make a preference based on color with respect to the rental of [the house]."
Damages in the amount of $5,000.00 were assessed against Frank Mondo "individually as [sic] as agent for Helen Domizio" as compensation for the emotional distress and humiliation of complainant. This appears to be a typographical error, and while it is unclear what meaning was intended, it could have been intended to make a finding that Mondo was acting as an agent of Domizio. The Commission also ordered that Frank Mondo individually and as agent for Helen Domizio comply with further affirmative relief as set forth in the Memorandum of Decision. No determination was rendered by the Commission with regard to Helen Domizio, either on the issue of liability or on the issue of damages.
Frank Mondo has appealed the decision of the Hearing Officer. An evidentiary hearing was held before the court on May 29, 1991, at which time testimonial and documentary evidence was presented. At that hearing, the Appellant argued inter alia that since the Commission made no determination as to Helen Domizio, one of the respondents in the action, there has been no final decision, and the motion to dismiss must be granted on that basis.
Judicial review of administrative decisions is available to persons who have exhausted all available administrative remedies and who are aggrieved by a final decision. Connecticut General CT Page 5372 Statutes 4-183 (a). Since appeals exist only under statutory authority, strict compliance with the statutes is mandatory. Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989). Thus, where a final decision has not been rendered, the court lacks subject matter jurisdiction to hear the appeal. Hillcroft Partners v. CHRO, 205 Conn. 324 (1987); Rogers v. CHRO, 195 Conn. 543, 550 (1985); Neri v. Powers, 3 Conn. App. 531,537 (1985). The matter of subject matter jurisdiction can be raised at any time. Cahill v. Board of Education, 198 Conn. 229,238 (1985).
"Whether or not a particular determination is . . . final is determined by the substance of what the agency has purported to do and has done, and not by the label placed upon it." 2 Am.Jur.2d, Administrative Law, 585. See Salmon Brook Convalescent Home v. Commission on Hosp. Health Care,177 Conn. 356, 362 (1979) and Cheshire Convalescent Center v. Commission on Hosp. Health Care, 34 Conn. Sup. 225, 239 (C.P. 1977).
One of the purposes behind the doctrine of finality is to prevent piecemeal review of agency action. Connecticut Bank 
Trust Co. v. CHRO, 202 Conn. 150, 156 (1987). Our Supreme Court has evidently concluded that if a certain length of a dog's tail must be excised, it need not be accompanied by the extra pain of doing the cutting in one inch pieces. This attitude makes sense in view of the felt need for economy of decision in the judicial review process, and from the viewpoint of minimizing the potential of what might otherwise be conflicting Superior Court decisions reviewing multiple and segmented agency decisions arising out of essentially the same facts. Thus, for example, the Supreme Court has ruled that where liability has been determined, but the extent of the damages remains undecided and is not a purely ministerial function, there is no final decision. Id. at 157; Schieffelin Co. v. Department of Liquor Control, 202 Conn. 405, 411 (1987).
Courts have interpreted "finality," in the context of judicial review of agency action, in a pragmatic way. New Haven v. New Haven Police Union Local 530, 210 Conn. 597, 604 (1989). "The relevant considerations in determining finality are whether the process of administrative decision-making has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action." Id. (quoting Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic, 400 U.S. 62, 71 (1970)).
By its failure to make a determination as to one of the respondents in the present action, namely Helen Domizio, the CT Page 5373 Commission did not render a final judgment as to any respondent. A relevant consideration in determining finality is whether the rights and obligations of the parties have been determined. The Memorandum of Decision makes clear that Frank Mondo was found to have discriminated against Stacy Northerlington, and that Ms. Northerlington was to be compensated in the amount of $5,000.00. What is unclear is whether or not Helen Domizio was also found to have discriminated against the complainant, and, if so, on what basis. Also unclear is whether Ms. Domizio, as principal of her agent Frank Mondo, is to be held jointly liable for the $5,000.00 in damages suffered by the plaintiff. What is clear is that no decision was rendered against Ms. Domizio by the agency nor was the petition dismissed.
The decision of the Commission lacks finality as the Hearing Officer did not comply with certain procedure outlined in Connecticut General Statutes 46a-86 (a) and 46a-86 (e) which mandate respectively that:
 If, upon all the evidence presented at the hearing. . ., the presiding officer finds that a respondent has engaged in any discriminatory practice, the presiding officer shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order requiring the respondent to cease and desist from the discriminatory practice and further requiring the respondent to take such affirmative action as in the judgment of the presiding officer will effectuate the purpose of this chapter.
Section 46a-86 (a) (emphasis added).
 If, upon all the evidence, the presiding officer finds that the respondent has not engaged in any alleged discriminatory practice, the presiding officer shall state his findings of fact and shall issue and file with the commission and cause to be served on the respondent an order dismissing the complaint.
Section 46a-86 (e) (emphasis added). See State v. Commission on Human Rights Opportunities, 211 Conn. 464t 479-81 (1989) (use of the word "shall" in Section 46a-86 (formerly General Statutes31-127) denotes mandatory rather than discretionary action).
It is clear from both these statutory sections that a decision of the agency with findings of fact was required to be rendered as to Helen Domizio, since the complaint against her CT Page 5374 was filed at the same time as that against Frank Mondo and arose out of the same occurrence.
This court has not been able to find an appellate holding that the Commission where it has awarded damages against any respondent in rendering its decision must make a determination as to each of the respondents in the underlying agency action before it can be final as to any one. The language of Section46a-86, requiring a determination as to all parties, coupled with the interest a respondent agent has in knowing whether his principal is also to be held liable for the damages, together with the finality rule and its underlying purpose to avoid piecemeal, duplicative and potentially conflicting judicial review leads to just that logical conclusion.
Where a petition arises out of the same common factual occurrence, the mischief that could result is readily apparent if an agency, by following its own desultory and segmented pace as to each respondent, could spite the spirit and intent of statutory mandates requiring the agency to make factual findings and orders or dismiss the case against each respondent.
Situations may arise where an administrative agency does not comply with a statutory mandate to decide a case as to all respondents, but where despite that inaction the interests of justice would require immediate access to the courts to a plaintiff respondent against whom some determination had been made. That is not the situation here, because the plaintiff respondent, himself, has raised the prematurity issue.
Accordingly, the motion before this court to dismiss the administrative appeal is granted because the appeal is premature, and not on the grounds claimed by the defendants.
FLYNN, J.