[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Nadejda Barannikova, a resident alien, appeals from a fair hearing decision of the Connecticut Department of Income Maintenance (the "DIM") upholding a decision by the Town of Greenwich ("The Town") to deny General Assistance ("GA") to the plaintiff and her two children. The Town denied the plaintiff GA because she failed to provide information regarding the income of her sponsoring individual, as required by General Statutes 17-273(d) and Policy Transmittal GA 91-6. Plaintiff names as defendants the Town, the Commissioner of the Greenwich Department of Social Service, and the Commissioner of the DIM. (Citation/Summons, and Complaint.)
On appeal the plaintiff argues that the fair hearing decision should be reversed because General Statutes 17-273(d) and Policy Transmittal GA 91-6 violate the equal protection clause and the due process clause of the Fourteenth Amendment to the U.S. Constitution. In response, the Town and the DIM argue that General Statutes 17-273(d) and Policy Transmittal GA 91-6 are not unconstitutional because they are consistent with federal law. CT Page 3174
On March 24, 1992, the plaintiff applied for GA for herself and her two children. (Return of Record ["ROR"], Exhibit P.) Because the plaintiff is an alien who entered the country under the sponsorship of an individual, state law and DIM regulations require that she support her application for GA by providing information about her sponsor's income. General Statutes 17-273(d) and Transmittal 91-6.[1] On April 9, 1992, the DIM requested this information from the plaintiff's sponsor. (ROR, Exhibit G.) However, the sponsor refused to provide the information and on May 18, 1992, the Town denied the plaintiff's application. (ROR, Exhibit C.)
On May 22, 1992, the plaintiff requested a DIM fair hearing on her application (ROR, Exhibit 1.) the hearing was held on May 28, 1992, at which time the plaintiff argued that General Statutes 17-273(d) and Policy Transmittal GA 91-6 violate the equal protection clause and the due process clause of the Fourteenth Amendment to the U.S. Constitution. On June 1, 1992, the final decision was mailed to the plaintiff. (ROR, Vol. I, p. 6.) The fair hearing officer upheld the decision of the Town and denied the appeal. On June 23, 1992, the plaintiff filed the appeal with the clerk of the Superior Court. (Citation/Summons, and Complaint #101.) On appeal, the plaintiff makes substantially the same arguments of equal protection and due process as she did before the fair hearing officer. (See Memorandum in Support, #108)
"Appeals from administrative agencies exist only under statutory authority." Connecticut Bank and Trust Co v. CHRO,202 Conn. 150, 154, 520 A.2d 186 (1987). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Id. These statutory provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142, 585 A.2d 76 (1991). Appeals from decisions of DIM fair hearing officers may be taken to the Superior Court pursuant to Connecticut's Uniform Administrative Procedure Act (the "UAPA"). General Statutes 17-2b(b), 4-183.
An applicant for a fair hearing, if aggrieved, may appeal therefrom in accordance with 4-183. General Statutes 17-2b(b). Such an appeal must be served and filed within 45 days of the date of the mailing of the final decision. General Statutes 4-183(c) and (d). A person appealing a decision under the UAPA must serve a copy of the appeal on the agency that rendered the decision, or CT Page 3175 alternatively with the office of the Attorney General. General Statutes 4-183(c). Also, the appeal must be filed with the clerk of the Superior Court for the appropriate judicial district. Id. A copy of the appeal must also be served on each person listed in the final decision. Id. The service must be made by mail, certified or registered, or by personal service by a proper person. Id.
The final decision was mailed to the plaintiff on June 1, 1992. (ROR, Vol. I, p. 6,) An affidavit by the plaintiff's attorney states that the plaintiff mailed copies of her appeal, certified U.S. mail, postage prepaid, return receipt requested, to: the Town Clerk of the Town of Greenwich on June 12, 1992; Carol Femia, Town of Greenwich Department of Social Services on June 12, 1992; the Office of the State Attorney General on June 12, 1992; Audrey Rowe, Commissioner of Income Maintenance on June 23, 1992; and to William Rufleth, Department of Income Maintenance on June 23, 1992. (Affidavit of James D. Henderson.) Return receipts included in the file indicate that the plaintiff's appeal was delivered to the Town Clerk of Greenwich on June 15, 1992 (Affidavit of James D. Henderson, #102, Exhibit B); to Carol Femia, Town of Greenwich Department of Social Services on June 15, 1992 (Affidavit of James D. Henderson, #102, Exhibit C); to the Office of the Attorney General on June 17, 1992 (Affidavit of James D. Henderson, #102, Exhibit D); to William Rufleth, Department of Income Maintenance on June 24, 1992 (Affidavit of James D. Henderson, #102 Exhibit B); and to Audrey Rowe, Commissioner of Income Maintenance on June 25, 1992 (Affidavit of James D. Henderson, #102, Exhibit A). Accordingly, it is found that the appeal is timely.
Unless the petitioner can establish aggrievement, he has no standing to appeal under the UAPA. State Medical Society v. Board of Medical Examiners in Podiatry, 203 Conn. 295, 299, 524 A.2d 636
(1987). First, the party claiming aggrievement must "demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole," and second, he must "establish that this . . . interest has been specifically and injuriously affected by the decision." (Citations omitted.) Id., 299-300. "Mere status, however, as a party or participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purpose of appellate review." Hartford Distributors Inc. v. Liquor Control Commission, 177 Conn. 616,620, 419 A.2d 346 (1979). CT Page 3176
The plaintiff, as a resident of Greenwich, has a specific personal and legal interest in the receipt of GA benefits. That interest is specially and injuriously affected by the decision in that the decision prohibits her from receiving those benefits because of her inability to produce financial information about her sponsor.
General Statutes Section 4-183, which provides for appeals to the Superior Court, also sets forth the applicable standard of review:
 (j) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
(Emphasis added.)
The plaintiff claims that General Statutes 17-273(d) and Policy Transmittal GA 91-6 are facially unconstitutional, rather than unconstitutional as applied to the plaintiff in this case. An administrative appeal is not the appropriate procedure in which to claim that a statute or regulation is facially unconstitutional.
 To the extent that the plaintiff is making a facial or per se challenge to the constitutionality of Section 14-227b, a declaratory judgment action is the more appropriate procedure in Connecticut . . . is peculiarly well adapted to the judicial determination of the CT Page 3177 constitutionality of state legislative or executive action. Horton v. Meskill, 172 Conn. 615, 626 [, 376 A.2d 359] (1977). "The validity or constitutionality of an ordinance or regulation should be challenged in a declaratory judgment action." Christofaro v. Planning and Zoning Commission, 11 Conn. App. 260, 262, 9527 A.2d cert. denied, 204 Conn. 810 [, 528 A.2d 1156] (1987), see BCBS Goshen Realty Inc. v. Planning and Zoning Commission, 22 Conn. App. 407, 409-10 [, 577 A.2d 1101] (1990); Aaron v. Conservation Commission, 178 Conn. 173, 178 [, 422 A.2d 290] (1979).
Papa v. Department of Motor Vehicles, 5 CTLR 144, 147 (October 16, 1991, Smith, J.) (dismissing a UAPA appeal of a decision by the Department of Motor Vehicles to suspend a driver's license). This conclusion is not contradicted by the language of General Statutes4-183(j)(1). That subsection contemplates administrative appeals to the Superior Court only on the ground that the agency's application of the law violates the constitution. It does not authorize a court to review in an appeal claims that a statutory provision and regulation are facially unconstitutional. A plaintiff's claim that a statute or regulation is facially unconstitutional is outside the scope of review of the Superior Court under General Statutes 4-183 and that the appropriate vehicle for the plaintiff to bring her claim is a declaratory judgment action. Therefore, the appeal must be and is dismissed.
WILLIAM F. HICKEY, JR., J.