[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Nadejda Barannikova, a resident alien, appeals from fair hearing decision of the Connecticut Department of Income Maintenance (the "DIM") upholding a decision by the Town of Greenwich ("The Town") to deny General Assistance ("GA") to the plaintiff and her two children. The Town denied the plaintiff GA because she failed to provide information regarding the income of her sponsoring individual, as required by General Statutes 273(d) and Policy Transmittal GA 91-6. Plaintiff names as defendants the Town, the Commissioner of the Greenwich Department CT Page 8887 of Social Service, and the Commissioner of the DIM. (Citation/Summons, and Complaint.)
On appeal, the plaintiff argues that the fair-hearing decision should be reversed because General Statutes 17-273(d) and Policy Transmittal GA 91-6 violate the equal protection clause and the due process clause of the Fourteenth Amendment to the U.S. Constitution. In response, the Town and the DIM argue that General Statutes 17-273-(d) and Policy Transmittal GA 91-6 are not unconstitutional because they are consistent with federal law.
On March 24, 1992, the plaintiff applied for GA for herself and her two children. (Return of Record ["ROR"], Exhibit P.) Because the plaintiff is an alien who entered the country under the sponsorship of an individual, state law and DIM regulations require that she support her application for GA by providing information about her sponsor's income. General Statutes 17-273(d) and Transmittal 91-6.[1] On April 9, 1992, the DIM requested this information from the plaintiff's sponsor. (ROR, Exhibit G.) However, the sponsor refused to provide the information and on May 18, 1992, the Town denied the plaintiff's application. (ROR, Exhibit C.)
On May 22, 1992, the plaintiff requested a DIM fair hearing on her application (ROR, Exhibit 1.). The hearing was held on May 2 8, 1992, at which time the plaintiff argued that General Statutes 17-273(d) and Policy Transmittal GA 91-6 violate the equal protection clause and the due process clause of theFourteenth Amendment to the U.S. Constitution. On June 1, 1992, the final decision was mailed to the plaintiff. (ROR, Vol. I, pg. 6.) The fair hearing officer upheld the decision of the Town and denied the appeal. On June 23, 1992, the plaintiff filed the appeal with the clerk of the Superior Court. (Citation/Summons, and Complaint #108)
"Appeals from administrative agencies exist only under statutory authority." Connecticut Bank and Trust Co. v. CHRO,202 Conn. 150, 154, A.2d 186 (1987). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Id. These statutory Provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142, 585 A.2d 76 (1991). Appeals from decisions of DIM fair hearing officers may be taken to the Superior Court pursuant to Connecticut's Uniform Administrative Procedures CT Page 8888 Act (the "UAPA"). General Statutes 17-2b(b), 4-183. On September 7, 1993, this court approved a stipulation executed by all counsel waiving any jurisdictional defect and allowing the court to decide the matter on its merits.
General Statutes 17-273(d) and Policy Transmittal GA 91-6 violate the equal protection clause of the Fourteenth Amendment of the U.S. Constitution.
 The [United States Supreme] Court has ruled that classifications by a State that are based on alienage are "inherently suspect and subject to close judicial scrutiny." Graham v. Richardson, 403 U.S. 365, 372 (1971). See Examining Board v. Flores de Otero, 426 U.S. 572, 601-602 (1976); In re Griffiths, 413 U.S., at 721; Sugarman v. Dougall, 413 U.S. 634, (1973). In undertaking this scrutiny, "the governmental interest claimed to justify the discrimination is to be carefully examined in order to determine whether that interest is legitimate and substantial, and inquiry must be made whether the means adopted to achieve the goal are necessarily and precisely drawn. Examining Board v. Flores de Otero, 426 U.S. at 605. See In re Griffiths, 413 U.S. at 721-722. Alienage classifications by a State that do not withstand this stringent examination cannot stand.
Nyquist v. Mauclet, 432 U.S. 1, 7 (1976).
 In determining whether a classification is based on alienage, [t]he important points are that [the statute] is directed at aliens and that only aliens are harmed by it. The fact that the statute is not an absolute bar does not mean that it does not discriminate against the class. Cf. Mathews v. Lucas, 427 U.S. 495, 504-505, n. 11 (1976); Weber v. Aetna Casualty Surety Co., 406 U.S. 164, 169, 1732 (1972).
Id., 9.
General Statutes 17-273(d) and Policy Transmittal GA 91-6 are directed at aliens. Only aliens may be harmed by them. They are state classifications based on alienage and must be subject to strict scrutiny. Id., 7-9. In general, suspect classifications made in the interest of fiscal conservation do not survive strict scrutiny. See, e.g., Graham v. Richardson, supra, 374-75 (quoting Shapiro v. Thompson, 394 U.S. 618, 627, n. 6.): CT Page 8889
 A state has a valid interest in preserving the fiscal integrity of its programs. It may legitimately attempt to limit its expenditures, whether for public assistance, public education, or any other program. But a state may not accomplish such a purpose by invidious distinctions between classes of its citizens. . . . The saving of welfare costs cannot justify an otherwise invidious classification. Since an alien as well as a citizen is a "person" for equal protection purposes, a concern for fiscal integrity is no more compelling a justification for the questioned classification in these cases than it was in Shapiro.
Parenthetically, it is noted that the town and DIM argue that General Statutes Section 17-273(d) and Policy Transmittal GA 91-6 are constitutional because they are modelled on similar provisions in the federal Aid to Families with Dependent Children law. Their reliance on this argument is misplaced. It is well settled that due to the broad constitutional power of Congress to regulate immigration; see e.g., Mathews v. Diaz, 426 U.S. 67, 85-87 (1976); its legislation on that matter is subject to a lesser scrutiny than similar state legislation. See e.g., Mathews v. Diaz, 426 U.S. 67,85-87 (1983). The plaintiff has properly challenged General Statutes Section 17-273(d) and Policy Transmittal 91-6, and the court finds that they violate equal protection clause of theFourteenth Amendment to the U.S. Constitution and sustains the appeal.
The court reverses the administrative decision and remands plaintiff's GA application to the Town of Greenwich for determination of eligibility.
HICKEY, J.
Decision entered in accordance with the Foregoing. 10/13/93. Assist. Clerk.
All Counsel notified 10/13/93.