[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
The defendants in this appeal filed separate motions to dismiss. Colorado Prime Foods filed a Motion on June 11, 1997 arguing that the plaintiff failed to file and serve the appeal within forty-five days of the defendant CHRO's final decision dismissing the complaint. The defendant CHRO filed a Motion to Dismiss on July 23, 1997 arguing that the plaintiff failed to file her appeal within forty-five days of the CHRO's final decision rejecting her request for reconsideration. The defendant Colorado Prime Foods adopted the defendant CHRO's position as an additional ground. Based on this ground asserted by both parties, the court grants the motions to dismiss.
The plaintiff does not contest the fact that her appeal was filed more than forty-five days after the mailing of the notice of the rejection of her request for reconsideration. The issues she raises by her Brief in Opposition filed October 6, 1997, do not address the issue of subject matter jurisdiction, but rather issues she may have raised in a timely appeal.
The CHRO dismissed the plaintiff's complaint on January 13, 1997. The plaintiff filed a Request for Reconsideration on January 24, 1997. The CHRO rejected the Request an March 18, 1997. This appeal was filed on May 6, 1997.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer,218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624
(1983). The court must fully resolve any jurisdictional question before considering the merits of the appeal. CT Page 9957Castro v. Viera, 207 Conn. 420, 429 (1988). Section §4-183 (c) provides that an appeal of an administrative decision must be filed in the superior court and served on all parties of record "[w]ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under [§ 4-180]." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. Glastonbury Volunteer AmbulanceAssociation, Inc. v. Freedom of Information Commission etal, 227 Conn. 848 (1993).
Since this is a statutory action, strict compliance with the statutory provisions is required. Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 154-155 (1987). Here the appeal was filed beyond the forty-five day period set forth in the statute. Accordingly, this court lacks subject matter jurisdiction.
Both the Motions to Dismiss are granted on this ground.
Alexandra D. DiPentima, J.