[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS
The defendant Commission on Human Rights Opportunities (CHRO) moves to dismiss this administrative appeal on the ground that this court lacks subject matter jurisdiction.
This appeal arises out of a complaint filed by Steven DeToro (DeToro) at the CHRO against the plaintiff Manafort Brothers, alleging employment discrimination on the basis of a physical disability. On October 22, 1996, the CHRO investigator assigned to the complaint found that there was reasonable cause to believe that a discriminatory practice had occurred. As authorized under General Statutes § 46a-84, the complaint was certified to the director of the CHRO and assigned to a hearing officer for a public hearing.
On May 2, 1997, the plaintiff served a request for disclosure and production on DeToro. Although DeToro partially complied, both he and the CHRO objected to the requests. On September 10, 1997, the hearing officer sustained the objections; on October 8, 1997, the hearing officer denied the plaintiff's motion for reconsideration and its motion to compel production and disclosure. The plaintiff filed this appeal from the denial of the discovery request; , on November 3, 1997, prior to any public hearing or final decision.[1]
In its motion, the CHRO essentially argues that the plaintiff has failed to exhaust its administrative remedies so that this court lacks subject matter jurisdiction. Under General Statutes § 4-183 (a), "a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a CT Page 101 final decision may appeal to the Superior Court as provided in this section." As a statutory creature, this action requires strict compliance with the statutory provisions. Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 154 (1987).
The plaintiff does not contend that it falls within this section. Rather it argues that this appeal is properly brought under subsection (b) of § 4-183 which reads
 A person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
This provision is an exception to the requirement that one must exhaust the administrative remedies prior to resort to this court. Polymer Resources. Inc. v. Keeney, 227 Conn. 545, 561
(1993). As noted by Judge Maloney in Office of Consumer Counselv. Department of Public Utility Control, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 527909, 10 CONN. L. RPTR. 509 (December 17, 1993),
 [General Statutes § 4-183 (b)] provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction. . . . In order to maintain the appeal which is now before the court, therefore, [the plaintiff] must demonstrate that it would be harmed by the disputed preliminary rulings even if it were ultimately to prevail in an appeal of the . . . final decision.
In other words, the plaintiff must demonstrate that review of these issues after a final CHRO decision would be an inadequate remedy.
Before addressing that determinative issue, the court notes the CHRO's argument that the plaintiff fails to meet the first prong of § 4-183 (b) because the plaintiff cannot show that there is "a sufficiently strong chance" that it will not prevail at the public hearing. The court disagrees. This court has previously interpreted that first prong as whether the plaintiff CT Page 102 would be qualified to appeal the final agency decision. Reardonv. Department of Public Health Addiction Services, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 705232, 12 CONN. L. RPTR. 477 (September 22, 1994);Farricielli v. Department of Environmental Protection SuperiorCourt, judicial district of New Haven, Docket No. 386369, 17 CONN. L. RPTR. 483 (August 22, 1996). Notwithstanding the CHRO's argument to the contrary, the court continues to adopt that sensible interpretation.[2] Accordingly, since it is the respondent in the proceeding before the CHRO and is subject to enforcement action and sanctions, the plaintiff has met the first prong.
As to the second prong, the plaintiff argues that CHRO's denial of the discovery requests, which seek information regarding DeToro's physical condition and medical history, unfairly limits its ability to defend the charges at the public hearing. Accordingly, it argues, without an immediate appeal, it will suffer severe prejudice. Prejudice is not a factor to be considered under the second prong of § 4-183 (b); rather the requirement is that postponing the appeal to await a final decision will result in an inadequate remedy. There is nothing here to show that, should the plaintiff receive an adverse final decision, it could not appeal this issue, and, if successful, obtain complete relief. Accordingly, it has not met the requirements of § 4-183 (b) for an interlocutory appeal.
Further, the Supreme Court has indicated that unless the administrative process is determined to be futile, the inconvenience and expense of participating in the public hearing is not enough to bypass that process. Pet v. Department of HealthServices, 207 Conn. 346, 370-373 (1988).
 The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions. . . . Most important, a favorable outcome will render review by the court unnecessary as the United States Supreme Court has noted: "A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." McKart v. United States, 395 U.S. 185, 195, 89 S.Ct. 1657, 23 L.Ed.2d 194
CT Page 103 (1969).
(Citations omitted.) Id., 351-352.
Here the CHRO may enter a favorable decision for the plaintiff after a public hearing and plaintiff need not seek judicial review. If not, the plaintiff may raise the denial of discovery requests on appeal after the final agency decision.
The court concludes that the plaintiff has not shown that the postponement of its appeal until a final CHRO decision will result in an inadequate remedy, within the meaning of § 4-183
(b). Accordingly, it has not exhausted its administrative remedies as required by § 4-183 (a) and the court lacks subject matter jurisdiction to hear the appeal.
The appeal is dismissed.
DiPentima, J.