[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff. Office of Consumer Counsel, appeals the decision of the defendant, Connecticut Department of Public Utility Control, dated July 7, 1999 on Docket No. 99-0205, relating to the application of the Connecticut Light and Power Company for calculation of stranded costs, on the sole ground[1] that the decision determines "CLP will not be required to apply any net present value adjustment to generation related regulatory assets the company proposes to securitize, contrary to a specific provision of the [Electric Restructuring] Act."
Two sections of the Electric Restructuring Act of 1998, Connecticut General Statutes § 16-244 et seq. are involved. Section 16-245e(e) provides:
 The department shall calculate the stranded costs for generation-related regulatory assets to be their book value as of January 1, 2000. In calculating the value of generation-related regulatory assets that are being provided in a lump sum as a result of a funding with the proceeds of rate reduction bonds, the department shall adjust the value of each such asset to reflect the time value of such lump sum, if any. (Italics added.)
Section 16-245f provides: "No stranded costs shall be funded with the proceeds of rate reduction bonds unless (A) the electric company or electric distribution company proves to the satisfaction of the department that the savings attributable to such funding will be directly passed on to consumers through lower rates, . . . ." CT Page 14250
The Department determined these two statutes must be construed together so that the time value of generation-related regulatory assets funded by rate reduction bonds shall be passed on to consumers through lower rates. The decision noted that although CLP did not to discount its generation related assets, it proposed that some of those assets, which it carried at a cost of capital of eleven percent, be eliminated from the rate base and there be substituted for them the obligation of the rate reduction bonds at a much lower rate of interest.
The Department found that "The proposed reductions in rate base appear to pass on savings to rate payers that are greater than those envisioned by the Act . . . Therefore the Department will not require CLP to reduce its proposed generation regulatory assets by NPV [Net Present Value] atthis time." (Italics added.)
Section 16-245f provides an electric company may submit to the Department an application for a financing order with respect to stranded costs. The Department shall hold a hearing to determine the portion of stranded costs that may be included in such funding, and such hearing shall be conducted as a contested case.
The Department's decision provides, "The Department will evaluate the company's securitization proposal in more detail when the company applies for securitization. If the Department determines that the company's securitization proposal will not provide the benefits anticipated it will be rejected. CLP would then be required to discount regulatory assets . . . if the company decides to pursue a securitization."
As indicated above, the sole ground of the plaintiff's appeal is that the decision is in error because the Department determined that "CLP will not be required to apply any net present value adjustment to generation-related regulatory assets the company proposes to securitize" Here however, the Department has not made that decision. It has held that CLP will not be required to "reduce its proposed generation regulatory assets by NPV [Net Present Value] at this time." Further, the Department decided that it will evaluate the company's securitization proposal in more detail when the company applies for securitization. If it then determines that the company's proposals will not provide the benefits anticipated, CLP will be required to discount regulatory assets if the company decides to pursue securitization.
Section 4-183 (a) provides for appeals to this court from "a final decision" of an administrative agency. Here, the plaintiff is attempting to appeal what is not a final decision of the Department.[2]
Consequently, it is not entitled to relief from this court. ConnecticutCT Page14251 Bank Trust Co. v. Connecticut Commission on Human Rights andOpportunities, 202 Conn. 150, 155 (1987); Admare Construction Co. v.Freedman, 191 Conn. 497, 503 (1983). "The doctrine of finality and exhaustion of administrative remedies is "designed to prevent piecemeal appeals of a litigant's claims before an administrative agency.'" [citations omitted]. Connecticut Bank Trust Co. v. ConnecticutCommission on Human Rights and Opportunities, supra, p. 155.
Thus, this court lacks jurisdiction to hear this appeal and it is, on that basis, dismissed.
 Robert Satter Judge Trial Referee